UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
——————————————————————————X
ANGELO LAMORTE,

                Plaintiff,                         **MEMORANDUM & ORDER**

    -against-                                23-cv-6819 (NRM)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
——————————————————————————X

**NINA R. MORRISON**, United States District Judge:

In this case, Plaintiff Angelo LaMorte ("Plaintiff") challenges the Commissioner of Social Security's April 7, 2023 decision to deny in part Plaintiff's August 2020 application for Social Security Disability benefits. Plaintiff and the Commissioner have both moved for judgment on the pleadings. *See* Pl. Mot., ECF No. 8; Comm'r Mot., ECF No. 11. For the reasons outlined below, Plaintiff's motion is denied, and the Commissioner's motion is granted.

## BACKGROUND

Plaintiff applied for disability benefits with the Social Security Administration ("SSA") on August 17, 2020, claiming a period of disability beginning November 19, 2019 due to kidney disease with renal auto-transplant, bilateral hip pain, and back pain. AR 11,[1] 231. Plaintiff reported experiencing back and hip pain beginning in 1994 and kidney pain in 2019. AR 241. Following his initial application, but prior to

---

[1] Citations to the Administrative Record ("AR"), which was filed as a single document with the Court, ECF No. 6, are to the pagination applied by SSA prior to transmitting the record, located in the bottom right-hand corner of each page.

a March 2023 hearing before an SSA Administrative Law Judge ("ALJ"), an MRI also revealed a torn meniscus in his right knee. AR 48, 698.

Plaintiff's claim was initially denied in June 2021, AR 67–80, 103–16, but, upon reconsideration in April 2022, Plaintiff was entitled to disability insurance benefits for the period from November 19, 2019 to June 24, 2021 because his kidney disease met the criteria of Listing 6.09, Complications of chronic kidney disease, AR 81–99, 118–31. Plaintiff then requested a hearing before an ALJ in order to challenge the June 25, 2021 disability end date. AR 134–42. Plaintiff and his counsel appeared for a hearing before an ALJ on March 28, 2023. AR 11, 39–66.

In a decision dated April 7, 2023, the ALJ found that Plaintiff was disabled from November 19, 2019 to June 24, 2021 but that the disability ended thereafter. AR 15–22. In reaching this decision, the ALJ proceeded through the five-step analysis set forth in 20 C.F.R. § 404.1520 to determine whether Plaintiff was disabled, AR 15–17, as well as the eight-step analysis for Title II claims set forth in 20 C.F.R. § 404.1594 to determine if the disability continued through the date of decision, AR 17–22. The Appeals Council denied review on July 18, 2023, making the decision of the ALJ the final decision of the Commissioner. AR 1–4.

Plaintiff then timely filed this action. Plaintiff filed his motion for judgment on the pleadings on May 22, 2024, supported by a memorandum of law. Pl. Mem. of L. ("Pl. Mem."), ECF No. 8-1. Defendant filed its motion for judgment on the pleadings on September 11, 2024, also supported by a memorandum of law. Def.

2

Mem. of L. ("Def. Mem."), ECF No. 11-1.  Finally, Plaintiff filed a reply on September 26, 2024.  Pl. Mem. of L. in Reply ("Pl. Reply"), ECF No. 12.

## STANDARD OF REVIEW

Claimants who are denied disability insurance benefits by the SSA may seek judicial review.  42 U.S.C. § 405(g).  In reviewing the Commissioner's final decision, district courts do not "decide *de novo* whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999) (citation omitted).  Instead, the Court's review is limited to determining whether the Commissioner's decision is free of legal error and supported by substantial evidence.  *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000).

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019) (citation omitted).  "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Id.* at 103.  "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (citation omitted).  It is "more than a mere scintilla." *Id.* (citation omitted).  In applying the substantial-evidence standard, the Court must "defer[] to the presiding ALJ, who has seen the hearing up close." *Id.* at 108.  If substantial evidence supports the Commissioner's findings, they are conclusive and must be upheld.  42 U.S.C. § 405(g); *see also Cichocki v. Astrue*, 729 F.3d 172, 175–76 (2d Cir. 2013).  After completing its review, the district court may "enter, upon the

pleadings and transcript of the record, a judgment affirming, modifying, or reversing" the Commissioner's decision.  42 U.S.C. § 405(g).

## DISCUSSION

The Court has reviewed the pleadings and the administrative record in light of the applicable law.  Plaintiff's motion for judgment on the pleadings is denied, and the Commissioner's motion is granted.

This dispute revolves around the ALJ's determination that Plaintiff experienced medical improvement as of June 25, 2021 such that he was no longer disabled within the meaning of the SSA's regulations after that date.  Plaintiff raises two arguments.  First, Plaintiff asserts that the ALJ's determination that medical improvement occurred as of June 25, 2021 is not supported by substantial evidence.  Pl. Mem. at 14–15.  Second, Plaintiff asserts that the ALJ erred in his assessment of Plaintiff's reports of his symptom intensity.  *Id.* at 16–17.

However, as explained below, the Commissioner (1) appropriately evaluated and explicitly discussed the medical evidence supporting a finding of medical improvement on June 25, 2021, including the opinions of various physicians who examined and/or treated Plaintiff; and (2) appropriately weighed Plaintiff's subjective reports of his symptom intensity against the record as a whole.

## I. The ALJ's Finding of Medical Improvement Is Supported by Substantial Evidence

Under the SSA's regulations, "[m]edical improvement is defined as any decrease in the medical severity of a claimant's impairment which was present at the time of the most recent favorable medical decision that he or she was disabled or

continues to be disabled." *Nascimento v. Colvin*, 90 F. Supp. 3d 47, 53 (E.D.N.Y. 2015) (citation omitted). "Thus, in order to determine whether medical improvement has occurred, the SSA must compare the current medical severity of the impairment to the medical severity of that impairment at the time of the most recent favorable medical decision." *Veino v. Barnhart*, 312 F.3d 578, 586–87 (2d Cir. 2002) (citation modified) (quoting 20 C.F.R. § 404.1594(b)(7)). "For closed period cases like the instant case, the most recent favorable medical decision for comparison purposes is the disability onset date." *McDonagh v. Acting Comm'r of Soc. Sec.*, No. 16-CV-08698 (VSB) (KHP), 2017 WL 9286987, at *10 (S.D.N.Y. Nov. 27, 2017), *report and recommendation adopted*, 2018 WL 2089340 (May 2, 2018). "A determination that there has been a decrease in medical severity must be based on improvement in the symptoms, signs, and/or laboratory findings associated with [a claimant's] impairment(s)." 20 C.F.R. § 404.1594(b)(1). "If there has been a medical improvement to the degree that the requirement of the listing section is not longer met or equaled, then the medical improvement is related to [a claimant's] ability to work." *Id.* § 404.1594(c)(3)(ii).

Plaintiff argues that the ALJ improperly "relied on his own interpretation of [Plaintiff's] medical records to conclude that [Plaintiff] improved to the point where he was no longer disabled." Pl. Mem. at 15. Plaintiff also asserts that the ALJ, in concluding that Plaintiff experienced medical improvement as of June 25, 2021, erred in considering the arthroscopic knee repair and epidural injection Plaintiff received in June and August 2022, respectively, both of which occurred approximately one

5

year after the date of medical improvement.  Pl. Reply at 2.  Plaintiff contends that Defendant "has not identified any evidence that supports the ALJ's finding of medical improvement as of June 25, 2021." *Id.*

While the ALJ's decision notes that Plaintiff had several severe impairments, including back and knee ailments and kidney disease, AR 15, the closed period of disability from November 19, 2019 to June 24, 2021 was based upon a finding that Plaintiff met the criteria for Listing 6.09, Complications of chronic kidney disease, AR 15–17.  As to Plaintiff's kidney disease, the ALJ's opinion explicitly discussed the treatment records of urologist Dr. Ojas Shah in finding that medical improvement occurred as of June 25, 2021.  AR 18.  The ALJ also concluded that "[t]he medical improvement that has occurred is related to the ability to work because [Plaintiff] no longer has an impairment or combination of impairments that meets or medically equals the severity of a listing."  *Id.* (citing 40 C.F.R. § 404.1594(c)(3)(i)).  As to Plaintiff's knee and back ailments, the ALJ's opinion explicitly discussed only orthopedic treatment records from July and August 2022, finding that these records "establishe[d] that [Plaintiff] experienced some significant medical improvement following care." *Id.*

However, in evaluating whether an ALJ's conclusion is supported by substantial evidence, a reviewing court may "look to other portions of the ALJ's decision and to clearly credible evidence in finding that his determination was supported by substantial evidence." *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983) (quoting *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir.1982)); *see also id.*

6

("When, as here, the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability."); *Salmini v. Comm'r of Soc. Sec.*, 371 F. App'x 109, 112–13 (2d Cir. 2010) (holding that "although the ALJ might have been more specific in detailing the reasons for" his conclusion, "other portions of the ALJ's detailed decision . . . demonstrate that substantial evidence supports this part of the ALJ's determination"). Thus, while the ALJ's analysis specifically as to Plaintiff's medical improvement is brief, the Court can and does consider the ALJ's detailed discussion supporting his residual functional capacity ("RFC") findings to determine if the ALJ's medical improvement determination is supported by substantial evidence. *See* AR 18–21 (containing the ALJ's RFC analysis).

As Defendant observes, the SSA's regulations provide that a person who receives a kidney transplant is considered disabled under Listing 6.04 for one year following the date of the transplant procedure. Def. Mem. at 18 n.6 (quoting 20 C.F.R. pt. 404, subpt. P, app'x 1, § 6.00C2). The ALJ evaluated the listings under Section 6.00 (genitourinary disorders) and concluded that, beginning on June 25, 2021, "the requisite criteria for the relevant listings are absent from the medical records" and "no treating or examining physician has indicated findings that would satisfy the requirements of any listed impairment." AR 17. In analyzing Plaintiff's kidney disorder, the ALJ considered treatment records dated September 16, 2021 from urologist Dr. Ojas Shah, which documented an unremarkable September 2021 post-

7

transplant exam.  AR 18.  These records aligned with records dated to September and October 2020, which indicated that Plaintiff "was doing well after the June 24, 2020 procedure."  AR 18, 385–89, 526, 589–94, 597.

These records do not document any hospitalizations or complications related to Plaintiff's kidney disease, any rejection episodes experienced following the June 2020 auto-transplant, or any adverse effects relating to ongoing treatment. Accordingly, the ALJ committed no error in finding that Plaintiff's kidney disease, which served as the basis for the finding of a closed period of disability from November 19, 2019 to June 24, 2021, had improved as of June 25, 2021, the date when Plaintiff's post-transplant disability ended under Listing 6.04.

As to Plaintiff's back ailments, the ALJ considered the results of an orthopedic exam conducted by Dr. Andrea Pollack on April 21 2021.  AR 16–17.  The ALJ appropriately analyzed these records and found Dr. Pollack's opinion only partially persuasive.  *Id.*  The ALJ also considered treatment records from neurologist Dr. Salvatore Palumbo dated November 2020 to March 2021, which indicated an unremarkable examination of Plaintiff in which Plaintiff did not appear in acute distress, had no pain with lumbar or hip palpitation, and had normal muscle tone and strength with intact sensation.  AR 19.  These records indicated that, as of December 1, 2020, Plaintiff was "discharged from physical therapy secondary to minimal functional limitations" and had "obtained physical therapy goals."  AR 503. Plaintiff returned to Dr. Palumbo on December 14, 2020 for a "follow-up of his back pain and intermittent leg numbness."  AR 516.  At this exam, Plaintiff "report[ed]

8

some subjective improvement," had "altered his workouts," and stated "[h]e feels much more comfortable." *Id.* Dr. Palumbo and Plaintiff "agreed [Plaintiff will] continue with conservative measures," and Dr. Palumbo noted that Plaintiff was "not interested in pursuing any injections at this time." *Id.* Three months later, on March 15, 2021, Plaintiff returned to Dr. Palumbo. AR 517. Dr. Palumbo noted that he "had asked [Plaintiff] to modify his activities as he engaged with strenuous workouts." *Id.* Plaintiff reported "that his symptoms have improved through modifications." *Id.*

The ALJ also considered treatment records from pain management specialist Dr. Brian Goldstein dated June and July 2022. AR 20–21. These records indicate that Plaintiff received an epidural steroid injection on June 27, 2022 to address his back pain. *Id.* Following the injection, Plaintiff appeared in no acute distress, had no lumbar spasm or tenderness, a full range of motion with no pain, and full muscle strength in both legs with intact sensation and a non-antalgic gait. *Id.* Plaintiff reported an "80 to 90% relief and improved activities of daily life." AR 21, 704.

As to Plaintiff's knee ailment, notably, Plaintiff did not list this injury as a condition limiting his ability to work when he initially applied for disability benefits. AR 231. Moreover, the April 21, 2021 examination by Dr. Pollack involved no reports by Plaintiff of a specific right knee injury, AR 545, and did not produce any diagnosis related to his right knee, AR 547. The right knee meniscus tear referenced in the ALJ's decision, AR 15, first appears in Plaintiff's treatment records following a May 17, 2022 MRI, AR 698. Treatment records from orthopedist Dr. Charles Milchteim dated June 10, 2022 describe a "[c]omplex tear of [Plaintiff's] medial meniscus of right

9

knee as [Plaintiff's] current injury." AR 694. As of July 18, 2022, Plaintiff was scheduled for arthroscopic knee surgery to address this injury on August 2, 2022. AR 692. At an August 12, 2022 post-operation follow-up, Dr. Milchteim noted that Plaintiff was doing well. AR 690–91. The administrative record does not appear to contain any further reference to Plaintiff's right knee injury following the August 12, 2022 examination.

Having carefully reviewed the ALJ's decision and the supporting administrative record, the Court finds that the ALJ's determination that Plaintiff experienced medical improvement as of June 25, 2021 is supported by substantial evidence. The record contains ample support for a finding of medical improvement related to Plaintiff's ability to work with regards with Plaintiff's kidney disease, which no longer satisfied a Section 6.00 listing one year after Plaintiff's June 24, 2020 kidney auto-transplant. As to Plaintiff's back pain, Dr. Palumbo's treatment records dated March 2021 indicate general medical improvement, even if treatment did not completely eradicate Plaintiff's lower back ailment. *See Crowell v. Astrue*, No. 08-CV-8019 (LTS) (DF), 2011 WL 4863537, at *5 (S.D.N.Y. Oct. 12, 2011) ("The medical improvement standard does not require that a claimant experience a full or even substantial recovery."). Finally, as to Plaintiff's right knee ailment, the record does not indicate that this injury was present at the time of either Plaintiff's disability onset date of November 19, 2019 or the date his disability ended, on June 25, 2021. *Cf. Brown v. Chater*, 932 F. Supp. 71, 75 (S.D.N.Y. 1996) (holding that evidence

pertaining to a new kind of injury cannot serve as the basis for appeal of an ALJ's decision denying claimant benefits).

## II.    The ALJ Appropriately Weighed Plaintiff's Subjective Reports of His Symptom Intensity in Light of the Record as a Whole

Following a finding of medical improvement, if residual impairments are severe, the ALJ must then make a finding as to Plaintiff's RFC and determine whether there is other work in the national economy in which Plaintiff can engage, notwithstanding his functional limitations. *Nascimento*, 90 F. Supp. 3d at 54.  The ALJ here engaged in such an RFC analysis.  AR 18–22.  Plaintiff only contends that the ALJ erred in finding that Plaintiff's self-reports of the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical and other evidence in the record.  Pl. Mem. at 16–17; *id.* at 17 (citing AR 19).

"[I]t is well accepted that an ALJ's assessment of an individual's subjective complaints regarding pain and other symptoms is entitled to substantial deference by a reviewing court." *Terri M. D. v. Comm'r of Soc. Sec. Admin.*, No. 24-CV-801 (DEP), 2025 WL 2370953, at *7 (N.D.N.Y. Aug. 14, 2025) (citing *Aponte v. Sec. of Dep't of Health and Hum. Servs.*, 728 F.2d 588 (2d Cir. 1984)).  Here, the ALJ engaged in a substantial analysis of the inconsistencies between Plaintiff's self-reports of pain and limitations as compared to the medical evidence in the record.  AR 19–21.  The Court has already considered this medical evidence *supra* and, in light of deference afforded to the ALJ's assessment of Plaintiff's subjective complaints, finds this assessment is supported by substantial evidence.  The ALJ's RFC determination is otherwise supported by substantial evidence and free of legal error.

## CONCLUSION

The Court has considered the other arguments raised and implied by Plaintiff's briefs and finds them unpersuasive.  For the foregoing reasons, Plaintiff's motion for judgment on the pleadings is denied, and the Commissioner's cross-motion is granted.

**SO ORDERED.**

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: August 6, 2026
       Brooklyn, New York

12